IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Seth Brown, a living, sovereign
Man upon the Land,

        Plaintiff,                            Civ. No. 05-00605 JCH/RHS

vs.

Keith King, et al.

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Flagstar Bank, FSB's ("Flagstar") Motion to Dismiss, filed June 27, 2005 **[Doc. No. 4]**. The Court having considered the motion, brief, and relevant law, and being otherwise fully informed, finds that the motion is well taken and will be granted.

## BACKGROUND

Plaintiff's action, filed June 1, 2005, and entitled "Libel of Review/Counterclaim in Admiralty," appears to arise out of a foreclosure action filed by Defendant Flagstar in the Eighth Judicial District, County of Taos, State of New Mexico, on November 6, 2002. According to Defendant Flagstar, the state court entered summary judgment in favor of Flagstar on December 3, 2003. Defendant Flagstar maintains, however, that Plaintiff has delayed the actual sale of the property by filing bankruptcy twice and then by filing an improper notice of removal just prior to the foreclosure sale. According to Defendant Flagstar, the present Complaint is "merely another one of Plaintiff's tactics to delay the foreclosure sale that has been ordered by the final state court

judgment." Def's Mem. in Supp. of Mot. to Dismiss, p. 2.

In his Complaint, Plaintiff asserts "God-given unalienable rights" and suggests that the relevant state court foreclosure judgment was a theft and/or "kidnap" of Plaintiff's property and that the state court proceedings were conducted under the "pretended authority of unconscionable contract." *See* Compl., pp. 1, 4-6. Defendant Flagstar filed a Motion to Dismiss Plaintiff's Complaint on June 27, 2005, and served Plaintiff with the Motion that same day by U.S. and electronic mail. As of this date, Plaintiff has not responded to the Motion.

## DISCUSSION

In its Motion to Dismiss, Defendant Flagstar argues first that the Complaint fails to state a claim upon which relief can be granted, and second, that even if the Complaint did state a claim, the claim would be barred by the *Rooker-Feldman* doctrine. The Court will address each of these arguments in turn.

### I.      Failure to State a Claim.

Defendant Flagstar argues first that the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Rule 12(b)(6) provides in relevant part that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading. Fed. R. Civ. P. 12(b)(6). The Court may dismiss Plaintiff's Complaint as it pertains to Defendant Flagstar for failure to state a claim only if it appears beyond a doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (citation omitted). In considering the Motion to Dismiss, the Court must assume all well-pleaded facts, but not conclusory allegations, to be true, and must draw all reasonable inferences in favor of

Plaintiff.  *See Housing Auth. of the Kaw Tribe v. City of Ponca,* 952 F.2d 1183, 1187 (10th Cir. 1991), *cert. denied*, 504 U.S. 912 (1992); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).  The issue in reviewing the sufficiency of the Complaint is not whether Plaintiff will prevail ultimately, but whether Plaintiff is entitled to offer evidence to support his claim. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).[1]

These deferential rules, however, do not allow the Court to assume that Plaintiff "can prove facts that [Plaintiff] has not alleged or that . . . [D]efendant[ has] violated the . . . laws in ways that [Plaintiff has not] alleged."  *See Associated Gen. Contractors, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).  In deciding whether to grant the Motion to Dismiss, the Court is limited to assessing the legal sufficiency of the allegations within the four corners of the Complaint.  *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995).  The Court may not accept legal conclusions or unwarranted inferences.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).

Plaintiff has not filed a response to the Motion to Dismiss.  Local Civil Rule 7.6(a) provides that a response to a motion must be served within fourteen calendar days after service of the motion.  Rule 6(e) of the Federal Rules of Civil Procedure provides that three days shall be added to the fourteen-day period if a party is served by U.S. or electronic mail.  Pursuant to these rules, Plaintiff's response was due no later than July 14, 2005.

---

[1] In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992); *see also Roman-Nose v. New Mexico Dep't of Human Resources*, 967 F.2d 435, 436-37 (10th Cir. 1992) (plaintiff's *pro se* characterization of his claims as arising under § 1983 is not dispositive).

"The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Local Rule Civ. P. 7.1(b). The Court, however, "may not grant [the] [M]otion to [D]ismiss . . . 'merely because [Plaintiff] failed to file a response.'" *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting *Read v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)). "This is consistent with the purpose of Rule 12(b)(6) motions," which is "to test 'the sufficiency of the allegations within the four corners of [a] complaint after taking those allegations as true.'" *Id.* (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)). Further, it is consistent with the rule that a "'complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 1177-78 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "Consequently, even if [P]laintiff d[id] not file a response to [the] [M]otion to [D]ismiss . . . , the [C]ourt must still examine the allegations in the [C]omplaint and determine whether . . . [P]laintiff has stated a claim upon which relief can be granted." *Id.* at 1178 (citation omitted).

It is difficult to surmise from Plaintiff's Complaint the cause of action he intends to allege against Defendant Flagstar. The Complaint asserts only "God-given unalienable rights" and suggests that the relevant state court foreclosure judgment was a theft and/or "kidnap" of Plaintiff's property and that the state court proceedings were conducted under the "pretended authority of unconscionable contract." *See* Compl., pp. 1, 4-6. Vague and conclusory legal allegations, such as those in the Complaint, are not sufficient to state a claim for relief. *See Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) ("court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory

allegations") (citation omitted).  Likewise, unsupported legal conclusions, like those in the Complaint,[2] are not sufficient to withstand a motion to dismiss.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).  Based upon the allegations in the Complaint, it is clear beyond a doubt that Plaintiff can prove no set of facts in support of his claim against Defendant Flagstar that would entitle him to relief.  *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (citation omitted).  Because Plaintiff has alleged only vague, conclusory, and unsupported legal allegations that do not state a claim for relief, Plaintiff cannot withstand Defendant Flagstar's Motion to Dismiss.

## II.     **The *Rooker-Feldman* Doctrine.**

Even if the Complaint were characterized as stating a claim for relief, the Court would dismiss the Complaint because the claim would be barred by the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine bars lower courts from reviewing state court judgments, as well as issues that are "inextricably linked" to state court judgments.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 463 (1983).  This doctrine arose out of two Supreme Court cases interpreting 28 U.S.C. Section 1257(a).[3]  *See Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004).  Section 1257 provides in relevant part that "final judgments or decrees rendered by the highest court of a state in which a decision can be had, may be reviewed by the Supreme Court by writ of certiorari."  28

---

[2] The Complaint contains no factual allegations to support the vague and conclusory legal allegations.

[3] In *Rooker v. Fidelity Trust Co.*, the Supreme Court held that lower federal courts may not hear claims actually decided by state courts.  *See* 263 U.S. 413.  In *District of Columbia Court of Appeals v. Feldman*, the Court extended its holding in *Rooker* to claims that are "inextricably intertwined" with a state court judgment.  *See* 460 U.S. at 463.

U.S.C. § 1257. The *Rooker-Feldman* doctrine is a "negative inference of 28 U.S.C. § 1257(a): if appellate review of state court judgments is vested in the United States Supreme Court, it follows that review is *not* vested in lower federal courts." *Crutchfield*, 389 F.3d at 1147. Section 1257, then, "implicitly deprives lower federal courts of subject matter jurisdiction over cases that would entail review of decisions rendered by state courts." *Id.* "By confining state cases to state appellate systems, the *Rooker-Feldman* doctrine preserves the state plaintiff's forum choice. More importantly, it respects the values of federalism implicit in our parallel system of independent state and federal courts." *Crutchfield*, 389 F.3d at 1147.

The Complaint asserts "God-given unalienable rights" and suggests that the relevant state court foreclosure judgment was a theft of Plaintiff's property and that the state court proceedings somehow were improper. *See* Compl., pp. 1, 4-6. These (conclusory and vague) legal allegations indicate that Plaintiff's Complaint arises out of, or is inextricably intertwined with, the state court foreclosure action. The *Rooker-Feldman* doctrine, therefore, bars this Court from hearing Plaintiff's claim. Accordingly, the Court grants Defendant Flagstar's Motion to Dismiss on this ground as well.

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that Defendant Flagstar Bank's Motion to Dismiss, filed June 27, 2005 **[Doc. No. 4]**, is hereby GRANTED.

Dated this 26th day of July 2005.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE