**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

Seth Brown, a living, sovereign
Man upon the Land,

        Plaintiff,                            Civ. No. 05-00605 JCH/RHS

vs.

Keith King, et al., individually, and as agent for KING
MORTGAGE INC., et al.; and Mark Hammond, et
al., individually and as agent for FLAGSTAR BANK,
FSB, et al.; and Jeannette B. Martinez et al.,
individually, and as agent for SUSAN C. LITTLE &
ASSOCIATES, P.A.., et al.; and William R. Keleher,
et al., individually and as agent for MODRALL,
SPERLING, ROEHL, HARRIS & SISK, P.A., et al.;
and ROES and DOES, I THRU CM,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Modrall Firm and Keleher's Motion to Dismiss or in the Alternative, to Strike or for a More Definite Statement, filed July 6, 2005 **[Doc. No. 6]** and Defendant Jeanette B. Martinez's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for a More Definite Statement or to Strike, filed July 18, 2005 **[Doc. No. 9]**. The Court having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that the motions are well taken and will be granted.

### BACKGROUND

Plaintiff's action, filed June 1, 2005, and entitled "Libel of Review/Counterclaim in Admiralty," appears to arise out of a foreclosure action filed by Defendant Flagstar in the Eighth

Judicial District, County of Taos, State of New Mexico, on November 6, 2002. According to Defendant Keleher, individually and as agent for Modrall, Sperling, Roehl, Harris & Sisk, P.A. ("Modrall"), the state court entered summary judgment in favor of Flagstar on December 3, 2003. Defendants Keleher and Modrall maintain, however, that Plaintiff has delayed the actual sale of the property by filing bankruptcy twice and then by filing an improper notice of removal just prior to the foreclosure sale. According to Defendants Keleher and Modrall, the present Complaint is "merely another one of Plaintiff's improper tactics to delay the foreclosure sale that has been ordered by the final state court judgment."

Plaintiff's Complaint is styled "Libel of review/Counterclaim in Admiralty." The Complaint asserts "God-given unalienable rights" and suggests that the relevant state court foreclosure judgment was a theft and/or "kidnap" of Plaintiff's property, that the state court proceedings were conducted under the "pretended authority of unconscionable contract," and that Defendants "have been making false claims." *See* Compl., pp. 1, 2, 4-6. Defendants Keleher and Modrall filed their Motion to Dismiss on July 6, 2005, and served Plaintiff with the Motion that same day by U.S. mail. As of this date, Plaintiff has not responded to the Motion. Defendant Martinez, individually and as agent for Susan C. Little & Associates, P.A. ("Little & Associates"), filed their Motion to Dismiss on July 18, 2005, and served Plaintiff with the Motion that same day by U.S. mail. To date, Plaintiff has not responded to the Motion.

## DISCUSSION

In their Motion to Dismiss, Defendants Modrall and Keleher ask the Court to "dismiss with prejudice Plaintiff's [Complaint] for failing to state any cognizable claim against them."

Alternatively, Defendants Modrall and Keleher ask the Court to "strike Plaintiff's Complaint in its entirety as unintelligible and impertinent or to require a more definite statement from Plaintiff before Defendants are required to responsively plead." Similarly, in their Motion to Dismiss, Defendants Martinez and Little & Associates asks the Court to dismiss the Complaint for failure to state a claim, or to require Plaintiff to "reframe the allegations of his Complaint so as to allow Defendant[s] and others to be able to prepare a responsive pleading or pursuant to F.R.C.P. 12(f) to strike the Complaint."

    The Court first addresses Defendants Modrall and Keleher's and Defendants Martinez and Little & Associates' claim that the Court should dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Rule 12(b)(6) provides in relevant part that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading. Fed. R. Civ. P. 12(b)(6). The Court may dismiss Plaintiff's Complaint as it pertains to Defendants Modrall, Keleher, Martinez and Little & Associates for failure to state a claim only if it appears beyond a doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (citation omitted). In considering the Motions to Dismiss, the Court must assume all well-pleaded facts, but not conclusory allegations, to be true, and must draw all reasonable inferences in favor of Plaintiff. *See Housing Auth. of the Kaw Tribe v. City of Ponca,* 952 F.2d 1183, 1187 (10th Cir. 1991), *cert. denied*, 504 U.S. 912 (1992); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). The issue in reviewing the sufficiency of the Complaint is not whether Plaintiff will prevail ultimately, but whether Plaintiff is

entitled to offer evidence to support his claim. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).[1]

These deferential rules, however, do not allow the Court to assume that Plaintiff "can prove facts that [Plaintiff] has not alleged or that . . . [D]efendant[s have] violated the . . . laws in ways that [Plaintiff has not] alleged." *See Associated Gen. Contractors, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). In deciding whether to grant the Motions to Dismiss, the Court is limited to assessing the legal sufficiency of the allegations within the four corners of the Complaint. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). The Court may not accept legal conclusions or unwarranted inferences. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).

Plaintiff has not filed a response to either Motion to Dismiss. Local Civil Rule 7.6(a) provides that a response to a motion must be served within fourteen calendar days after service of the motion. Rule 6(e) of the Federal Rules of Civil Procedure provides that three days shall be added to the fourteen-day period if a party is served by U.S. or electronic mail. Pursuant to these rules, Plaintiff's response to Modrall and Keleher's Motion to Dismiss was due no later than July 25, 2005,[2] and Plaintiff's response to Martinez and Little & Associates' Motion to Dismiss was

---

[1] In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992); *see also Roman-Nose v. New Mexico Dep't of Human Resources*, 967 F.2d 435, 436-37 (10th Cir. 1992) (plaintiff's *pro se* characterization of his claims as arising under § 1983 is not dispositive).

[2] The seventeen day period expired on July 23, 2005. Because July 23, 2005, is a Saturday, however, the Federal Rules provided Plaintiff with two additional days, *i.e.*, until Monday, July 25, 2005, to file his response.

4

due no later than August 4, 2005.

"The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Local Rule Civ. P. 7.1(b). The Court, however, "may not grant [the] [M]otion[s] to [D]ismiss . . . 'merely because [Plaintiff] failed to file [any] response'" to the motions. *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting *Read v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)). "This is consistent with the purpose of Rule 12(b)(6) motions," which is "to test 'the sufficiency of the allegations within the four corners of [a] complaint after taking those allegations as true.'" *Id.* (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)). Further, it is consistent with the rule that a "'complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 1177-78 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "Consequently, even if [P]laintiff d[id] not file. . . response[s] to [the] [M]otion[s] to [D]ismiss . . . , the [C]ourt must still examine the allegations in the [C]omplaint and determine whether . . . [P]laintiff has stated a claim upon which relief can be granted." *Id.* at 1178 (citation omitted).

It is difficult to surmise from Plaintiff's Complaint the cause of action he intends to allege against Defendants Modrall, Keleher, Martinez, and Little & Associates. The Complaint asserts only "God-given unalienable rights" and suggests that the relevant state court foreclosure judgment was a theft and/or "kidnap" of Plaintiff's property and that the state court proceedings were conducted under the "pretended authority of unconscionable contract." *See* Compl., pp. 1, 4-6. Vague and conclusory legal allegations, such as those in the Complaint, are not sufficient to

5

state a claim for relief. *See Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) ("court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations") (citation omitted). Likewise, unsupported legal conclusions, like those in the Complaint,[3] are not sufficient to withstand a motion to dismiss. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted). Based upon the allegations in the Complaint, it is clear beyond a doubt that Plaintiff can prove no set of facts in support of his claim against Defendants that would entitle him to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (citation omitted). Because Plaintiff has alleged only vague, conclusory, and unsupported legal allegations that do not state a claim for relief, Plaintiff cannot withstand the Motions to Dismiss brought by Defendants Modrall and Keleher and Defendants Martinez and Little & Associates.[4]

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that the Modrall Firm and Keleher's Motion to Dismiss or in the Alternative, to Strike or for a More Definite Statement, filed July 6, 2005 **[Doc. No. 6]**, and Defendant Jeanette B. Martinez's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for a More Definite Statement or to Strike, filed July 18, 2005 **[Doc. No. 9]**, are hereby GRANTED. Plaintiff's Complaint is dismissed as to

---

[3] The Complaint contains no factual allegations to support the vague and conclusory legal allegations.

[4] Because the Court grants Defendants Modrall and Keleher's and Defendant Martinez and Little & Associates' Motions to Dismiss, the Court need not consider Defendants' alternative requests that the Court strike the Complaint or require Plaintiff to provide a more definite statement of the claims in his Complaint.

Defendants Modrall, Keleher, Martinez, and Little & Associates.

Dated this 14th day of December 2005.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE